IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THG Holdings LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-11689 (JTD)<br><br>Jointly Administered<br><br>**Re: D.I. 15 & 72** |

**SECOND INTERIM ORDER (I) AUTHORIZING DEBTORS TO (A) OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(3), 364(d)(1), AND 364(e) AND (B) USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362, 363, AND 364, AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b) AND (c)**

Upon the motion, dated as of July 30, 2019 (the "Motion")[2] of True Health Diagnostics LLC ("THD") and its affiliated debtors and debtors-in-possession (collectively with THD, the "Debtors"), pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1), and 364(e), Rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 4001-2, and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"), seeking entry of (i) an interim order and (ii) a final order (the "Final DIP Order"); and the Debtors' having requested on the record at the first interim hearing on the Motion having been held on July 31, 2019 (the "First Interim

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal EIN, are as follows: THG Holdings LLC (8292); True Health Group LLC (9158); True Health Clinical LLC (5272); True Health Diagnostics LLC (9452); True Health IP LLC (5427); Outreach Management Solutions LLC d/b/a True Health Outreach (9424); Health Core Financial LLC d/b/a True Health Financial (6614). The Debtors' mailing address is 3803 Parkwood Blvd., Suite 400, Frisco, Texas 75034.

[2] Unless otherwise defined, capitalized terms used herein shall have the meaning ascribed to them in the *Interim Order (I) Authorizing Debtors to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(3), 364(d)(1), and 364(e) and (B) Use Cash Collateral Pursuant to 11 U.S.C. §§ 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364, and (III) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (c)* [D.I. 72] (the "First Interim Order").

Hearing") that the Court enter an interim order, *inter alia*, authorizing the Debtors to obtain postpetition financing on an interim basis and continue to use Cash Collateral pending a final hearing; and the Court having entered the First Interim Order on August 1, 2019; and the second interim hearing on the Motion having been held on August 22, 2019 (the "Second Interim Hearing"); and upon all of the pleadings filed with the Court and the evidence proffered or adduced at the First Interim Hearing and the Second Interim Hearing; and the Court having heard and resolved or overruled any and all objections to the Requested Relief; and it appearing that the Requested Relief is in the best interests of the Debtors, their estates, and creditors; and upon the record herein; and after due deliberation thereon, and good and sufficient cause appearing therefor:

**IT IS HEREBY FOUND, DETERMINED, ORDERED, ADJUDGED AND DECREED THAT:[3]**

1. <u>Disposition</u>. The First Interim Order shall remain and continue in full force and effect as specifically amended, supplemented, and modified pursuant to this Second Interim Order. Other than as expressly set forth herein, all direct and indirect references to the "Interim Order" in the First Interim Order, this Second Interim Order, and any other DIP Loan Document shall refer to the First Interim Order as the same has been amended, supplemented, or otherwise modified by this Second Interim Order.

2. The second sentence of Paragraph 1 of the First Interim Order is hereby deleted in its entirety and replaced with the following: "The term of this Interim Order, the DIP Loan Documents, and the use of Cash Collateral authorized hereunder shall expire, and the DIP Facility made pursuant to this Interim Order and the DIP Loan Documents will mature, and

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as applicable, pursuant to Bankruptcy Rule 7052.

2

together with all interest thereon and any other obligations accruing under the DIP Loan Documents, will become due and payable (unless such obligations become due and payable earlier pursuant to the terms of the DIP Loan Documents and this Interim Order by way of acceleration or otherwise) on the earlier of (a) September 5, 2019 if a Final DIP Order has not been entered prior to such date, or and (b) termination of the DIP Facility by the DIP Agent following the occurrence of an Event of Default."

3. Paragraph 5 of the First Interim Order is hereby deleted in its entirety and replaced with the following: "Termination of DIP Loan Documents. Notwithstanding anything in this Interim Order to the contrary, the term of this Interim Order and the DIP Loan Documents shall expire, and the DIP Facility made pursuant to this Interim Order and the DIP Loan Documents will mature, and together with all interest thereon and any other obligations accruing under the DIP Loan Documents, will become due and payable (unless such obligations become due and payable earlier pursuant to the terms of the DIP Loan Documents and this Interim Order by way of acceleration or otherwise) on the earliest to occur of (a) September 5, 2019 if a Final DIP Order has not been entered on or prior to such date, (b) September 28, 2019, (c) the date of consummation of a sale of all or substantially all of the assets of the Debtors pursuant to section 363 of the Bankruptcy Code, (d) the occurrence of the effective date of any confirmed plan of reorganization in the Chapter 11 Cases, or (e) termination of the DIP Facility by the DIP Agent following the occurrence of an Event of Default."

4. The following provision shall be added to the end of Paragraph 8(a) of the First Interim Order: "; provided, however, and notwithstanding anything in the Interim Order to the contrary, with respect to the non-residential real property lease for the property located at 737 N. 5th Street, Richmond, Virginia, no liens or encumbrances shall be granted or extended to such

3

lease under the Interim Order and such lease shall not constitute part of the DIP Collateral, but rather liens shall be granted only on the economic value of, proceeds of sale or other disposition of, and any other proceeds or products of such lease."

5. The following provision shall be added to the end of Paragraph 8(c) of the First Interim Order: "; provided, however, the foregoing shall not apply to the lease between the Debtors and LS Biotech 8, LLC for the premises located at 737 N. 5th Street, Richmond, Virginia."

6. The following provision shall be added to the end of the first sentence of Paragraph 24 of the First Interim Order: "; provided, however, the right of the DIP Agent or DIP Lenders to enter onto the Debtors' leased premises located at 737 N. 5th Street, Richmond, Virginia shall be limited to (a) any such rights agreed in writing by the applicable landlord pursuant to any separate agreement by and between such landlord and DIP Lenders or DIP Agent, (b) the rights the DIP Lenders or DIP Agent have under applicable non-bankruptcy law, if any, and (c) such rights as may be granted by the Court on a separate motion with notice to the applicable landlord of the leased premises and an opportunity for such landlord to respond and be heard."

7. The Term Sheet shall continue and remain in full force and effect except as amended and modified as follows, and all references in the First Interim Order to the Term Sheet (including directly or indirectly by reference to the DIP Loan Documents) shall constitute references to the Term Sheet as so amended:

> (a) Paragraph (1)(b) of "Conditions Precedent" (Term Sheet at 4-5) is deleted in its entirety and replaced with the following: "(b) on or before September 4, 2019, a final order of the Bankruptcy Court, in form and substance acceptable

to the DIP Agent in its sole discretion, approving the Definitive Documentation, and, *inter alia*, authorizing the Debtors to enter into the Definitive Documentation and granting the Dip Agent, for the benefit of itself and the DIP Lenders, valid, duly perfected priming senior priority liens as set forth herein and superpriority administrative expense claims as set forth herein on a final basis (the "<u>Final DIP Order</u>" and together with the Interim DIP Order, the "<u>DIP Orders</u>");"

8. <u>Governmental Provisions</u>. Nothing in the First Interim Order, this Second Interim Order, or the DIP Loan Documents shall affect, modify or impair any governmental unit's recoupment or setoff rights, claims, or defenses. Nothing in the First Interim Order, this Second Interim Order, or the DIP Loan Documents shall be construed to: (i) require any action from CMS, the United States Department of Justice, or any other governmental entities; and (ii) relieve the Debtors of any legal duties or obligations to any governmental unit under applicable non-bankruptcy laws and regulations.

9. <u>Good Faith</u>. All provisions of this Second Interim Order have been negotiated in good faith and at arm's length among the Debtors, the DIP Lenders, and the DIP Agent.

10. <u>Priority of Terms</u>. To the extent of any conflict between or among (a) the express terms or provisions of any of the DIP Loan Documents, the Motion, the Requested Relief, any other order of this Court, any other agreements, or the terms and provisions of the First Interim Order, on the one hand, and (b) this Second Interim Order, on the other hand, unless such term or provision herein is phrased in terms of "as defined in" "as set forth in" or "as more fully described in" the DIP Loan Documents (or words of similar import), the terms and provisions of this Second Interim Order shall govern.

11. <u>Creditors' Committee's Objection</u>. The entry of this Second Interim Order or the First interim Order shall not prejudice the Creditors' Committee's objection to the Motion [D.I. 127] or any argument of the Creditors' Committee in response to the Motion. Such objection and any such arguments are expressly preserved.

12. <u>Adequate Notice/Scheduling of Final Hearing</u>. The notice given by the Debtors of the Second Interim Hearing was given in accordance with Bankruptcy Rules 2002 and 4001, and Bankruptcy Local Rules 2002-1, 4001-1(a), and 9013-1(m). Such notice was good and sufficient under the particular circumstances and no other or further notice of the request for the relief granted at the Second Interim Hearing is required. The Debtors shall promptly mail copies of this Second Interim Order and notice of the Final Hearing to any known party affected by the terms of this Second Interim Order and/or Final Order and any other party requesting notice after the entry of this Second Interim Order. The Court shall conduct a Final Hearing on the Requested Relief commencing on September 4, 2019 at 10:00.a.m. (prevailing Eastern Time).

13. <u>Immediate Binding Effect; Entry of Interim Order</u>. This Second Interim Order shall not be stayed and shall be valid and fully effective immediately upon entry, notwithstanding the possible application of Bankruptcy Rules 6004(h), 7062, and 9014, or otherwise, and the Clerk of the Court is hereby directed to enter this Second Interim Order on the Court's docket in these Chapter 11 Cases.

14. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction over all matters pertaining to the implementation, interpretation, and enforcement of this Second Interim Order.

Dated: August 22, 2019
       Wilmington, Delaware

                                           THE HONORABLE JOHN T. DORSEY
                                           UNITED STATES BANKRUPTCY JUDGE