# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| THG Holdings LLC, *et al.*, | Case No. 19-11689 (JTD) |
| Debtors.[1] | Jointly Administered |
| | **RE D.I. 16** |

## ORDER PURSUANT TO SECTIONS 105, 363, 364, 365 AND 541 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2002, 6004, 6006 AND 9007 AND DEL. BANKR. L.R. 2002-1 AND 6004-1 (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF SUBSTANTIALLY ALL ASSETS OF DEBTORS; (B) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT, ASSIGNMENT OF DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) SCHEDULING THE AUCTION AND SALE HEARING; (D) APPROVING FORMS AND MANNER OF NOTICE OF RESPECTIVE DATES, TIMES, AND <u>PLACES IN CONNECTION THEREWITH; AND (E) GRANTING RELATED RELIEF</u>

Upon the *Debtors' Motion for an Order Pursuant To Sections 105, 363, 364, 365 and 541 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006 and 9007 and Del. Bankr. L.R. 2002-1 and 6004-1 (A) Approving Bidding Procedures for the Sale of Substantially All Assets of Debtors; (B) Approving Procedures for the Assumption and Assignment, Assignment or Rejection of Designated Executory Contracts and Unexpired Leases; (C) Scheduling the Auction and Sale Hearing; (D) Approving Forms and Manner of Notice of Respective Dates, Times, and Places in Connection Therewith; and (E) Granting Related Relief* (the "<u>Motion</u>");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended

---

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal EIN, are as follows: THG Holdings LLC (8292); True Health Group LLC (9158); True Health Clinical LLC (5272); True Health Diagnostics LLC (9452); True Health IP LLC (5427); Outreach Management Solutions LLC d/b/a True Health Outreach (9424); Health Core Financial LLC d/b/a True Health Financial (6614). The Debtors' mailing address is 3803 Parkwood Blvd, Suite 400, Frisco, Texas 75034.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion or Bidding Procedures (as defined below), as applicable.

Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter an order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the statements of counsel, the First Day Declaration, any objections raised, and the evidence presented at the Bidding Procedures Hearing; and it appearing that the relief requested in the Motion is reasonable and in the best interests of the Debtors' bankruptcy estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  The Debtors have articulated good and sufficient reasons for, and the best interests of their estates, creditors, and other parties in interest will be served by the Court granting the relief requested in the Motion to be approved pursuant to this Bidding Procedures Order.

B.  The Bidding Procedures enable the Debtors to maximize the value of their assets for the benefit of all stakeholders and constitute a reasonable, sufficient, adequate and proper means to provide potential competing bidders with an opportunity to submit bids, and are reasonably calculated to enable the Debtors to pursue higher or otherwise better offers for the Purchased Assets.

C.  The Debtors' option to accept a Stalking Horse Bid in the Debtors' business judgment (upon consultation with the Consultation Parties) and, upon such designation and after consultation with the Consultation Parties, seek Bankruptcy Court approval of any Bid

Protections on an expedited basis are reasonably calculated to enable the Debtors to further maximize the value of its assets by providing the opportunity to set the floor for bids and contributing to a robust auction process, for the benefit of the Debtors' estates, creditors, and other parties in interest.

D. The Debtors' estates will suffer harm if the relief requested in the Motion to be approved by this Bidding Procedures Order is not granted.

E. The Debtors have articulated good and sufficient reasons for, and the best interests of their estates and stakeholders will be served by, the Court scheduling or fixing dates pursuant to this Bidding Procedures Order for the (i) Bid Deadline (as defined below), (ii) Sale Objection Deadline (as defined below), (iii) Auction, (iv) Assignment Objection Deadline, and (v) Sale Hearing.

F. The Sale Notice and Assignment Notice, in conjunction with the notice of the Motion (D.I. 93) previously served upon all creditors of the Debtors, are reasonably calculated to provide the Sale Notice Parties, the other Contract Counterparties, and other interested parties with proper notice of the (i) Bidding Procedures, (ii) Auction, (iii) Assignment Procedures (including with respect to Cure Costs and the Assignment Objection Deadline), (iv) Sale Hearing, and (v) Sale.

G. The Motion and this Bidding Procedures Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

H. Due, sufficient and adequate notice of the relief granted herein and the Sale Hearing has been given to all parties in interest as set forth in paragraph 27 of the Motion.

\\NY - 750729/000007 - 9784931 v15

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

2. The Bidding Procedures, which are attached hereto as **Exhibit 1** and incorporated herein by reference, are hereby approved in all respects and shall govern all bidders and bids, including those that may be submitted by Qualified Bidders at the Auction.

3. Qualified Bidders seeking to submit bids for the Purchased Assets must do so in accordance with the terms of the Bidding Procedures and this Bidding Procedures Order.

4. The DIP Lenders are a Qualified Bidder and pursuant to section 363(k) of the Bankruptcy Code, are authorized to submit a Credit Bid.

5. As set forth in the Bidding Procedures, the Debtors have the option, but are not required to, designate a Stalking Horse Bidder in the Debtors' business judgment (upon consultation with the Consultation Parties).

6. To the extent the Debtors designate a Stalking Horse Bidder, the Debtors shall within two (2) days thereof file the Stalking Horse Bidder Notice and, upon consultation with the Consultation Parties, seek Bankruptcy Court approval of any Bid Protections on an expedited basis. The Stalking Horse Bidder Notice, if filed, shall also include a copy of the Stalking Horse Bidder's Qualified Bidder Purchase Agreement, which competing Qualified Bidders must then use as the basis to submit their Qualified Bids, and shall include modifications to the bidding and auction procedures necessary to account for the Stalking Horse Bid.

7. Notwithstanding that it may contain terms and conditions which may be inconsistent with the requirements for a Qualified Bid or other provisions of the Bidding Procedures, if the Debtors accept a Stalking Horse Bid, such Stalking Horse Bid shall be deemed

to constitute a Qualified Bid and such Stalking Horse Bidder shall be deemed to be a Qualified Bidder.

8. The deadline for all competing bidders to submit a Qualified Bid (other than a Stalking Horse Bid) is **September 13, 2019, at 4:00 p.m.** (prevailing Eastern Time) (the "Bid Deadline"), as further governed by the Bidding Procedures.

9. As further governed by the Bidding Procedures, if more than one Qualified Bid is received by the Bid Deadline, the Debtors may hold the Auction on **September 17, 2019, at 10:00 a.m.** (prevailing Eastern Time) in accordance with the Bidding Procedures at the offices of Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market St., Suite 1600, Wilmington, Delaware 19801.

10. Following the Auction, the Debtors shall promptly file with the Court the Supplement described in the Bidding Procedures, but shall not be required to serve the same on any parties-in-interest in this Chapter 11 Cases.

11. If the Debtors receive only one (1) Bid that is a Qualified Bid (which may be a Stalking Horse Bid, as applicable), the Debtors, in their business judgment upon consultation with the Consultation Parties, shall (i) notify all Potential Bidders and the Bankruptcy Court in writing that (a) the Auction is cancelled and (b) such Qualified Bid is the Successful Bid, and (ii) seek authority at the Sale Hearing to consummate the Sale transactions with such Qualified Bidder contemplated by its Qualified Bidder Purchase Agreement (or the Stalking Horse Bidder Purchase Agreement, as applicable).

12. The Court shall conduct the Sale Hearing on September _20_, 2019, at _1:30_ p.m. (prevailing Eastern Time), at which time the Court will consider approval of the Sale to the Successful Bidder. Following the conclusion of the Auction, with the consent of the Successful

\\NY - 750729/000007 - 9784931 v15

Bidder and subject to the Milestones (as defined in the interim and final orders, as applicable, authorizing the Debtors to obtain post-petition financing (the "DIP Order")), or as otherwise directed by the Bankruptcy Court, the Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or by filing a notice on the docket for this Chapter 11 Cases.

13. The Debtors are hereby authorized to conduct the Sale without the necessity of complying with any state or local transfer laws or requirements.

14. The Sale Notice and the revised Assignment and Rejection Notice (the "Assignment Notice") substantially in the forms attached hereto as **Exhibit 2** and **Exhibit 3**, respectively, to this Bidding Procedures Order, are approved in all respects. No other or further notice of the Bidding Procedures, Assignment Procedures, the Sale Hearing, relevant objection or other deadlines, or the Sale is required. The Sale Notice shall be served on: (a) the United States Trustee for the District of Delaware; (b) counsel to the Prepetition Lenders and DIP Lenders, Proskauer Rose LLP, (c) counsel to the Subordinated Lenders, (d) counsel to the Committee, (e) all parties asserting a security interest in the Purchased Assets to the extent any such interest is reasonably known to the Debtors; (f) relevant federal, state, county and city tax and regulatory authorities; (g) all entities known to have expressed an interest in a transaction with respect to the Purchased Assets or that have been identified by the Debtors or their advisors as a potential purchaser of the Purchased Assets; (h) the United States Department of Health and Human Services and the Centers for Medicare and Medicaid Services; (i) local, state and federal authorities and agencies that have issued licenses or permits to the Debtors with respect to the operation and use of the Purchased Assets; (j) the contract counterparties whose contracts are

6

identified as potentially being assigned; and (k) all parties requesting notice pursuant to Bankruptcy Rule 2002.

15. To be considered, any objection to the Sale, except for objections governed by the Assignment Procedures as set forth herein and the attached Bidding Procedures, must (a) comply with the Bankruptcy Rules and the Local Rules, (b) be made in writing and filed with the Court, and (c) be filed on or before **September 13, 2019, at 4:00 p.m.** (prevailing Eastern Time) (the "Sale Objection Deadline").

16. The failure of any objecting person or entity to timely file an objection prior to the Sale Objection Deadline shall be a bar to the assertion at the Sale Hearing or thereafter of any objection to the relief requested by the Debtors, or the consummation and performance of the Sale of the Purchased Assets to the Successful Bidder, including the transfer of the Purchased Assets free and clear of all liens, claims, interests and other encumbrances (with the same to attach to the cash proceeds of the Sale to the same extent and with the same order of priority, validity, force and effect which they previously had against the Purchased Assets, subject to the rights and defenses of the Debtors and the Debtors' estates with respect thereto), and the Debtors' assumption and assignment of the Transferred Contracts to the Successful Bidder; provided, however, any party in interest may raise an objection at the Sale Hearing solely with respect to the outcome of the Auction.

17. No Qualified Bidder or any other person or entity, other than a potential Stalking Horse Bidder, if any, shall be entitled to any expense reimbursement, break-up fee, termination or other similar fee or payment in connection with the Sale.

18. The Assignment and Rejection Procedures, as described in the Motion, are hereby approved only with respect to the assumption and assignment of executory contracts and

unexpired leases and are not approved with respect to any rejection procedures (the "Assignment Procedures"). The failure to specifically include or reference any particular provision of the Assignment Procedures in this Bidding Procedures Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Assignment Procedures be authorized and approved in their entirety as set forth herein.

19. As further governed by the Assignment Procedures, the Assignment Objection Deadline is **September 17, 2019, at 4:00 p.m.** (prevailing Eastern Time). If a timely objection is filed and cannot be resolved consensually, such objection will be resolved at a hearing to be held on September 20, 2019, or on such other date prior to or after the Sale Hearing as the Debtors may designate. Any Contract Counterparty that fails to file an Assignment Objection by the Assignment Objection Deadline in accordance with the Assignment Procedures (i) shall be deemed to have forever waived and released any right to assert an Assignment Objection, (ii) to have consented to the assumption and assignment, or assignment, as the case may be, of their Transferred Contract without the necessity of obtaining any further order of the Bankruptcy Court, and (iii) shall be forever barred and estopped from (a) objecting to the Cure Amount set forth on the Cure Schedule with respect to the Transferred Contract, (b) seeking additional amounts arising under the Transferred Contract prior to the closing from the Debtors or Successful Bidder, and (c) objecting to the assumption and assignment, or assignment, as the case may be, of its Transferred Contract to the Successful Bidder.

20. Notwithstanding anything in this Order or the Bidding Procedures to the contrary, unless Cigna Health Corporation ("Cigna") and the Debtors agree otherwise, assumption and assignment of the Cigna Agreement (as identified in Cigna's Objection [D.I. 128] to the Sale Motion) shall not be considered or approved at any hearing unless, at least five (5) business days

prior to such hearing, Cigna, through its counsel of record, is provided with (i) written, irrevocable notice of Debtors' proposed assumption and assignment of the Cigna Agreement as part of the Sale; (ii) the identity of the proposed assignee; and (iii) adequate assurance information for the proposed assignee.

21. Nothing herein shall amend or modify any provisions, terms, or conditions of the DIP Order or DIP Loan Documents (as defined in the DIP Order). If the DIP Lenders submit a bid for all or any portion of the Purchased Assets, the DIP Lenders shall no longer be a Consultation Party unless and until the DIP Lenders irrevocably revoke such bid.

22. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or 6006(d), the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

23. The Debtors are authorized and empowered to take such actions as may be necessary to implement and effectuate the terms and requirements established and relief granted in this Bidding Procedures Order.

24. To the extent of any inconsistences between the Bidding Procedures and this Bidding Procedures Order, this Bidding Procedures Order shall govern.

25. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the Bidding Procedures or this Bidding Procedures Order.

Dated: August 22, 2019
Wilmington, Delaware

                                          THE HONORABLE JOHN T. DORSEY
                                          UNITED STATES BANKRUPTCY JUDGE