**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| THG Holdings LLC, *et al.*, | Case No. 19-11689 (JTD) |
| Debtors.[1] | Jointly Administered |
| | **Re: D.I. 322** |

**ORDER (I) APPROVING THE COMBINED DISCLOSURE STATEMENT AND PLAN
ON AN INTERIM BASIS FOR SOLICITATION PURPOSES ONLY; (II)
ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF
VOTES TO ACCEPT OR REJECT THE COMBINED DISCLOSURE STATEMENT
AND PLAN; (III) APPROVING THE FORM OF BALLOT AND SOLICITATION
PACKAGES; (IV) ESTABLISHING THE VOTING RECORD DATE; (V) SCHEDULING
A COMBINED HEARING FOR FINAL APPROVAL OF THE ADEQUACY OF
DISCLOSURES IN, AND CONFIRMATION OF, THE COMBINED DISCLOSURE
STATEMENT AND PLAN; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order

(the "Interim Approval and Procedures Order," or, as used herein, this "Order"): (a) approving

the *Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the*

*Debtors, DIP Agent and Official Committee of Unsecured Creditors*, substantially in the form

filed contemporaneously herewith (as amended, supplemented or otherwise modified from time

to time, according to its terms the "Combined Disclosure Statement and Plan") on an interim

basis for solicitation purposes only; (b) establishing procedures for the solicitation and tabulation

of votes to accept or reject the Combined Disclosure Statement and Plan, as set forth in **Exhibit**

**1** to this Order; (c) approving the form of Ballots and Solicitation Packages; (d) establishing the

---

[1]    The Debtors in these cases, along with the last four digits of each Debtors' federal EIN, are as follows: THG
Holdings LLC (8292); True Health Group LLC (9158); True Health Clinical LLC (5272); True Health
Diagnostics LLC (9452); True Health IP LLC (5427); Outreach Management Solutions LLC d/b/a True Health
Outreach (9424); Health Core Financial LLC d/b/a True Health Financial (6614). The Debtors' mailing address
is 3803 Parkwood Blvd., Suite 400, Frisco, Texas 75034.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

voting record date as October 15, 2019 (the "Voting Record Date"); (e) scheduling a final, combined hearing to consider (i) final approval of the adequacy of information in the Combined Disclosure Statement and Plan pursuant to section 1125 of the Bankruptcy Code and (ii) confirmation of the Combined Disclosure Statement and Plan pursuant to section 1129 of the Bankruptcy Code (the "Combined Hearing"); and (f) granting related relief, pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002(b), 3016, 3017, 3018, 3020, and 9006, and Local Rule 3017-2; and the Bankruptcy Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing, if necessary, having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration, the Combined Disclosure Statement and Plan, and the record of the Hearing (if any) and all proceedings had before the Bankruptcy Court; and the Bankruptcy Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

## THE BANKRUPTCY COURT HEREBY FINDS AS FOLLOWS: [3]

A.      The form of Ballots attached hereto as **Exhibits 3-A**, **3-B**, and **3-C**: (i) is consistent with Official Form No. 314; (ii) adequately addresses the particular needs of the Chapter 11 Cases; (iii) is appropriate for the Voting Classes; and (iv) complies with Bankruptcy Rule 3017(d).

B.      Ballots need not be provided to Claimholders in the Non-Voting Classes, including Claimholders that are either (i) Unimpaired and are conclusively presumed to have accepted the Combined Disclosure Statement and Plan in accordance with section 1126(f) of the Bankruptcy Code or (ii) Impaired but will neither retain nor receive any property under the Combined Disclosure Statement and Plan and are thus conclusively presumed to have rejected the Combined Disclosure Statement and Plan in accordance with section 1126(g) of the Bankruptcy Code:

| Class | Designation | Impairment | Voting Rights |
|-------|-------------|------------|---------------|
| 1 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Prepetition Senior Obligation Claims | Impaired | Entitled to Vote |
| 4 | Second Lien Claims | Impaired | Entitled to Vote |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Subordinated Claims | Impaired | Deemed to Reject |
| 7 | Equity Interests | Impaired | Deemed to Reject |

C.      The period during which the Debtors may solicit votes to accept or reject the Combined Disclosure Statement and Plan, as established by this Order, provides sufficient time for Claimholders in the Voting Classes to make informed decisions to accept or reject the Combined Disclosure Statement and Plan and submit their Ballots in a timely fashion.

---

[3] To the extent any conclusions of law constitute findings of fact, they are adopted as such; to the extent any findings of fact constitute conclusions of law, they are adopted as such.

D.       The Tabulation Procedures governing the solicitation and tabulation of votes to accept or reject the Combined Disclosure Statement and Plan, as set forth on **Exhibit 1** attached hereto and approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

E.       The contents of the Solicitation Package and the procedures for providing notice of the Combined Hearing and the other matters set forth in the Combined Hearing Notice comply with Bankruptcy Rules 2002 and 3017, Local Rule 3017-2 and, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED as set forth herein.

2.       The Combined Disclosure Statement and Plan is approved on an interim basis for solicitation purposes under section 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2. Any objections to the adequacy of information contained in the Combined Disclosure Statement and Plan on a final basis are expressly reserved for consideration at the Combined Hearing.

3.       The Combined Hearing is hereby scheduled for **November 26, 2019 at 2:00 p.m. (prevailing Eastern Time)**. The Combined Hearing may be continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Combined Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed with the Bankruptcy Court.

4.       Objections to confirmation of the Combined Disclosure Statement and Plan on any ground, including adequacy of the disclosures therein, if any, shall (a) be in writing, (b)

comply with the Bankruptcy Rules and the Local Rules, and (c) be filed with the Bankruptcy Court and served upon the following parties: (i) counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Derek C. Abbott, dabbott@mnat.com; Curtis S. Miller, cmiller@mnat.com; and Dan Butz, dbutz@mnat.com), (ii) counsel to the DIP Agent, Proskauer Rose LLP, One International Place, Boston, MA 02110-2600 (Attn: Charles A. Dale, cdale@proskauer.com), (iii) co-counsel to the DIP Agent, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801 (Attn: Matthew B. McGuire, mcguire@lrclaw.com), (iv) counsel to the Creditors' Committee, Cooley LLP,  55 Hudson Yards, New York, NY 10001-2157 (Attn: Richard S. Kanowitz, rkanowtiz@cooley.com, Cullen D. Speckhart, cspeckhart@cooley.com, Evan M. Lazerowitz, elazerowitz@cooley.com), (v) co-counsel to the Creditors' Committee, Elliott Greenleaf, P.C., 1105 North Market Street, Suite 1700, Wilmington, DE 19801 (Attn: Rafael X. Zahralddin-Aravena, rxza@elliottgreenleaf.com, Eric M. Sutty, ems@elliottgreenleaf.com), and (vi) the Office of the United States Trustee, 844 N. King Street, Room 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Jane M. Leamy, Jane.M.Leamy@usdoj.gov), by no later than **November 15, 2019 at 4:00 p.m. (prevailing Eastern Time). Unless an objection is timely filed and served, it may not be considered by the Bankruptcy Court at the Combined Hearing.** The Debtors and any party supporting Confirmation of the Combined Disclosure Statement and Plan may, in their discretion, file a reply in support of Confirmation of the Combined Disclosure Statement and Plan by Thursday, November 21, 2019 at 4:00 p.m. (prevailing Eastern Time).

5.      The deadline for the Debtors to object to claims for voting purposes shall be October 25, 2019.

6.      The Tabulation Procedures, as set forth in **Exhibit 1** attached hereto, are hereby approved.

7.      The Combined Hearing Notice, the Notice of Non-Voting Status, and the Publication Notice, substantially in the forms attached hereto as **Exhibits 2**, **4**, **and** **5**, are approved in all respects.

8.      The Ballots, substantially in the forms attached hereto as **Exhibits 3-A**, **3-B** and **3-C** are approved in all respects.

9.      The Debtors shall serve the Combined Hearing Notice on (a) the U.S. Trustee, (b) all entities that are party to executory contracts and unexpired leases with the Debtors, (c) all entities that are party to litigation with the Debtors, (d) all current and former employees, directors and officers (to the extent that contact information for former employees, directors and officers is available in the Debtors' records), (e) all regulatory authorities that regulate the Debtors' businesses, (f) the Office of the Attorney General for the State of Delaware, (g) the office of the attorney general for each state in which the Debtors maintain or conduct business, (h) the taxing authorities for the jurisdictions in which the Debtors maintain or conduct business, (i) the Centers for Medicare and Medicaid Services of the United States Department of Health and Human Services, (j) the Department of Justice, and (k) all parties who filed a request for service of notices under Bankruptcy Rule 2002. The Debtors shall use best efforts to serve or caused to be served a copy of the Combined Hearing Notice upon such parties no later than three Business Days after the entry of this Order.

10.     The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 5,** in the *Wall Street Journal* (or another national newspaper of like

circulation) not later than 10 Business Days after entry of this Order or as soon thereafter as practicable.

11.    No later than October 18, 2019, the Solicitation Packages, containing the following materials, may be mailed by the Voting Agent to all Claimholders in the Voting Classes: (a) the Combined Hearing Notice; (b) the Combined Disclosure Statement and Plan; (c) a copy of the Interim Approval and Procedures Order (without **Exhibits 2** through **5**); (d) an appropriate Ballot; (e) and a letter from the Creditors' Committee in support of the Combined Plan and Disclosure Statement, and (f) any other documents and materials the Debtors deem appropriate.

12.    The Debtors shall not be required to transmit Solicitation Packages to Claimholders in Classes 1, 2, 6 and 7 (collectively, the "Non-Voting Classes") under the Combined Disclosure Statement and Plan. Instead, the Debtors shall mail or cause to be mailed by first-class mail to Claimholders in the Non-Voting Classes a copy of the Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 4**, and a Combined Hearing Notice.

13.    The Debtors shall not be required to serve any plan documents, including the Ballots, Notice of Non-Voting Status, and Combined Hearing Notice, upon patients who received the Debtors' services unless such patients have sent correspondence to the Court, have submitted a proof of claim in these chapter 11 cases, are listed on the Court's electronic docket, have requested notice pursuant to Bankruptcy Rule 2002, or entitled vote as set forth in the Combined Disclosure Statement and Plan. The Publication Notice shall serve as sufficient notice for all patients who do not fall within any of the foregoing categories.

14.     Ballots must be received by the Voting Agent on or before November 15, 2019 at 5:00 p.m. (prevailing Pacific Time) (the "Voting Deadline") in accordance with the instructions on the Ballot, unless extended by the Debtors in their discretion in writing, even if the voting period has previously elapsed.

15.     The Debtors are authorized to file a Voting Report after the Voting Deadline expires and, in any case, at least two business days prior to the Combined Hearing.

16.     If any Claimholder seeks allowance of its Claim for voting purposes or to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Claimholder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim or allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Combined Disclosure Statement and Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors so that it is received no later than 4:00 p.m. (prevailing Eastern Time) on November 1, 2019 at 4:00 p.m. (prevailing Eastern Time) (the "Rule 3018(a) Motion Deadline"). The Debtors (and, with respect to filing a response, any other party in interest) shall then have (a) until November 15, 2019 at 4:00 (prevailing Eastern Time) to file and serve any objections to such Rule 3018 Motions and (b) coordinate with the Bankruptcy Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Combined Hearing. Any Ballot submitted by a Claimholder that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying Claim or Interest is temporarily allowed by the Bankruptcy Court for voting purposes in a different amount, after notice and a hearing.

17.     With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to

effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

18.    Pursuant to Bankruptcy Rule 3017(d), October 15, 2019 shall be the Voting Record Date for purposes of determining the Claimholders entitled to receive a Ballot to vote to accept or reject the Combined Disclosure Statement and Plan (the "Voting Record Date").[4]

19.    The Debtors are authorized to make non-substantive and ministerial changes to any documents in the Solicitation Package, without further approval of the Bankruptcy Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors, to correct or update amounts, percentages and dates in the Combined Disclosure Statement and Plan, and to make conforming changes to any other materials included in the Solicitation Package prior to their distribution.

20.    The Plan Supplement must be filed with this Court no later than November 8, 2019.

21.    In accordance with Local Rule 3017-2, objections not made at the time of the hearing on the Motion to the approval of (a) the voting procedures to be utilized, (b) the form of notice to be provided to creditors and interest holders of the Debtors, and (c) the form of ballot which will be provided to creditors and interest holders entitled to vote on the Combined Plan and Disclosure Statement, shall not be considered at the time of the Combined Hearing.

---

[4] For the avoidance of doubt, the Voting Record Date is established for voting purposes only and shall not affect who is entitled to receive distributions under the Combined Disclosure Statement and Plan.

22.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

23.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24.     The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: October 16th, 2019
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

10