**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re:* <br><br> THG Holdings LLC, et al., <br><br><br><br> Debtors. | Chapter 11 <br><br> Case No. 19-11689 (JTD) <br> (Jointly Administered) <br><br> Hearing Date: November 26, 2019 at 2:00 p.m. <br> Objections Due: November 18, 2019 at 4:00 p.m.[1] |

**UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF THE COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY THE DEBTORS, DIP AGENT AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Andrew R. Vara, the Acting United States Trustee for Region 3 (the "U.S. Trustee"), through his undersigned counsel, files this objection (the "Objection") to Confirmation of the Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation Proposed by the Debtors, DIP Agent and Official Committee of Unsecured Creditors (the "Plan"), and in support of his Objection, respectfully states as follows:

1. Pursuant to (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2)(A), this Court has jurisdiction to hear and determine this Objection.

2. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and

---

[1] The objection deadline was extended by agreement of the parties.

interpreted by the courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

## BACKGROUND

4. On July 30, 2019, the Debtors filed their voluntary chapter 11 petitions in this Court.

5. On August 8, 2019, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") in these cases.

6. On October 4, 2019, the Debtors filed the Plan (Docket No. 321), along with a motion to shorten notice of the hearing to approve solicitation procedures (Docket No. 323).

7. On October 16, 2019, the Court entered an order approving the disclosures contained in the Plan on an interim basis (Docket No. 370).

8. As referenced in its title, the Plan is a liquidating plan. *See also* Plan section 10.3.

9. Section 10.4 of the Plan provides:

10.4 Injunction.

(a) The Confirmation Order shall provide, among other things, that all Entities who have held, hold or may hold Claims against or Interests in the Debtors are, with respect to any such Claims or Interests, permanently enjoined from and after the Confirmation Date from taking any of the following actions (other than actions to enforce any rights or obligations under this Plan): (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative or other forum) against the Debtors, the Liquidating Trust, the Liquidating Trustee or any of their property; (ii) enforcing, levying, attaching

(including any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order against the Debtors, the Liquidating Trust, the Liquidating Trustee or any of their property; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Liquidating Trust, the Liquidating Trustee or any of their property; (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Debtors, the Liquidating Trust, the Liquidating Trustee or any of their property, except as contemplated or allowed by this Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of this Plan; and (vi) prosecuting or otherwise asserting any right, claim or cause of action released pursuant to this Plan, including, without limitation, any right, claim or cause of action against an Exculpated Party that has been exculpated pursuant to Section 10.5 of this Plan; provided, however, that the injunction provided in this section shall neither bar any Entity from asserting any defense in an action commenced by or on behalf of any of the Debtors or the Liquidating Trust, nor prohibit any Entity from asserting any right expressly preserved or contemplated by this Plan. The injunction provided for in this section shall be limited in all respects to the breadth of the releases and exculpations granted in this Plan.

(b) By accepting distributions pursuant to this Plan, each holder of an Allowed Claim will be deemed to have specifically consented to the Injunctions set forth in this Section.

## ARGUMENT

**The Injunction Provision Violates Section 1141(d)(3)**

10.     Section 10.3. of the Plan, No Discharge of Debtors, states that "pursuant to section 1141(d)(3) of the Bankruptcy Code, confirmation will not discharge Claims against the Debtors; <u>provided</u>, <u>however</u>, that no Holder of any Claim or Interest may, on account of such Claim or Interest, seek or receive any payment or other Distribution from, or seek recourse against, any of the Estates, the Liquidating Trust, the Liquidating Trustee and/or their respective successors, assigns and/or property except as expressly provided in this Plan."

11.     Notwithstanding the language in Section 10.3, Section 10.4 of the Plan contains an

injunction provision that violates Section 1141(d)(3)[2] of the Bankruptcy Code. The language of Section 10.4 of the Plan has the same effect as a discharge as set forth in Section 524 of the Bankruptcy Code.[3] Section 10.4 would permanently enjoin all Entities from enforcing or collecting any judgment they may have against the Debtors. Section 10.4 would also have the effect of enjoining all Entities from commencing or continuing any action or proceeding against the Debtors. These are the effects of a discharge under Section 524(a). Thus, because Section 10.4 would effect a discharge that Section 1141(d)(3) of the Bankruptcy Code expressly prohibits in liquidating plans, the Plan fails to satisfy Section 1129(a)(1) of the Bankruptcy Code and cannot be confirmed.

---

[2] Section 1141(d)(3) of the Bankruptcy Code provides that:
The confirmation of a plan does not discharge a debtor if-
(A) the plan provides for the liquidation of all or substantially all of the property of the estate;
(B) the debtor does not engage in business after consummation of the plan; and
(C) the debtor would be denied a discharge under section 727 (a) of this title if the case were a case under chapter 7 of this title.

[3] Section 524 of the Bankruptcy Code provides that:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1192, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

12.     Confirmation should be denied unless Section 10.4 is amended to enjoin only actions against assets to be distributed pursuant to the Plan.

**Objections to Claims**

13.     Section 12.4 of the Plan, Objections to and Estimation of Claims, improperly deems claims to be disallowed without the requirement that an objection first be filed seeking to disallow such claims.  Section 12.4 provides in pertinent part that "[e]xcept as otherwise provided in this Plan, all Proofs of claim filed after the Effective Date shall be Disallowed and forever barred, estopped, and enjoined from assertion, and shall not be enforceable against the Debtors, the Estates or the Liquidating Trustee, without the need for any objection by the Liquidating Trustee or any further notice to or action, order, or approval of the Court."

14.     Bankruptcy Code section 502(a) provides that, "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest. . . objects." Section 12.4 of the Plan also fails to account for the possibility that a party may seek permission to file a claim after the applicable claims bar date.  Bankruptcy Code section 1129(a)(1) provides that, "[t]he court shall confirm a plan only if all of the following requirements are met: (1) the plan complies with the applicable provisions of this title."  In order to be confirmable, Section 12.4  of the Plan needs to be modified to comply with the requirements of the Bankruptcy Code.

WHEREFORE, the U.S. Trustee respectfully requests that the Court deny confirmation of the Plan as drafted and grant any such other and further relief that the Court deems just and proper.

        Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**
**REGION 3**

Dated: November 18, 2019    **BY:** */s/ Jane M. Leamy*
    Jane M. Leamy, Esq. (No. 4113)
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 N. King Street, Room 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491